UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

AURORA OIL & GAS CORPORATION,

          Debtor.

_____/

FRONTIER ENERGY, LLC,

          Plaintiff,

v.

AURORA ENERGY, LTD.,

          Defendant.

_____/

Case No. DT 09-08254
Chapter 11
Hon. Scott W. Dales

Consolidated Adversary Pro. No. 09-80518
LEAD CASE

**MEMORANDUM ORDER
DENYING RECONSIDERATION AND AMICUS MOTIONS**

PRESENT:    HONORABLE SCOTT W. DALES
                  United States Bankruptcy Judge

In an Opinion and Order Regarding Applicability of 11 U.S.C. § 365 to Oil and Gas Leases (the "Opinion," DN 188), the court determined that oil and gas leases in Michigan may qualify as unexpired leases within the meaning of 11 U.S.C. § 365. Unhappy with the court's conclusion, Defendant Aurora Energy, Ltd. ("Aurora" or "Defendant")[1] timely filed Aurora Oil And Gas Corporation's Motion And Memorandum For Reconsideration Pursuant to Federal Rule Of Bankruptcy Procedure 9023 (the "Reconsideration Motion," DN 191). Aurora's

_____

[1] The Defendant is now known as NorthStar Energy LLC, but the court will continue to refer to the company as "Aurora" to reflect its prepetition identity.

Reconsideration Motion relies principally on a Michigan Supreme Court decision that this court has already considered, and a new policy argument predicting dire consequences for the state's oil and gas industry if the court permits its prior decision to stand.  In addition, the Michigan Oil and Gas Association filed a motion for leave to file an amicus brief, evidently in support of Aurora's position.  *See* Motion For Leave to File Brief of Amicus Curiae Michigan Oil and Gas Association ("Amicus Motion," DN 197).

Given the arguments advanced and the imminent trial date, the court has concluded that it should resolve the Reconsideration Motion and the Amicus Motion without oral argument. Having considered Aurora's argument, and the response of Frontier Energy, LLC, the court finds no reason to depart from its prior Opinion.

Reconsideration of judgments and orders is the exception, rather than the rule.  Were it otherwise, parties would have little incentive to present all arguments in support of their positions in an efficient, straightforward manner.  Judicial decision-making is not an endless conversation between the court and the parties, but rather an exercise designed to balance the parties' right to a correct decision against their right to a prompt one.  For this and other reasons, reconsideration is available only in limited circumstances:  (1) where there is a clear error of law; (2) in cases involving newly-discovered evidence which could not have been discovered prior to entry of the order under review; (3) in cases involving changes in controlling law; and (4) to prevent manifest injustice.  *See GenCorp. Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *In re No-Am Corp.*, 223 B.R. 512, 513 (Bankr. W.D. Mich. 1998).

Aurora's Reconsideration Motion does not rely on newly-discovered evidence -- indeed, its motion confirms the court's earlier conclusion that the issue at hand involves a legal question only.  Nor does the motion suggest any change in controlling law.  Instead, Aurora seeks

reconsideration to correct a "clear error of law."   In support, its Reconsideration Motion advances a new argument premised on *Mark v. Bradford*, 23 N.W.2d 201 (Mich. 1946), a case considered by Aurora's counsel and the court prior to entry of the Opinion, thus perfectly illustrating the Sixth Circuit's proscription in *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions for reconsideration are "not an opportunity to re-argue a case" and should not be used by the parties to "raise arguments which could, and should, have been made" before the court's earlier decision).

Aurora over-reads the Michigan Supreme Court's decision in *Bradford*, *supra*, which decided only that unaccrued royalties under an oil and gas lease qualify as real property, for purposes of a quiet title action.  The *Bradford* court focused almost exclusively on the interest reserved in the lessor, rather than the interest conveyed to the lessee.  Aurora makes much of the fact that, in passing, the court observed that an oil and gas lessee's interest is "in the nature of a qualified fee," but this observation was not necessary to the decision and was itself qualified. Unlike the Supreme Court's earlier decision in *Redman v. Shaw*, 1 N.W.2d 555, 556-57 (Mich. 1942), where the court squarely held that a lessee under an oil and gas lease is "but a lessee for a determinable term," the *Bradford* court, by employing the phrase "in the nature of," simply observed that a lessee's interest resembled a qualified fee.  *Bradford*, 23 N.W.2d at 205.  The court agrees that there is a resemblance -- that is what makes this issue so difficult -- but when asked to draw the line, the Michigan Supreme Court held that a lessee is "not seised of an estate of inheritance," a term that embraces determinable or qualified fee interests.  *Redman¸* 1 N.W.2d at 556-57.

Aurora's policy argument, which predicts that the court's Opinion will traumatize oil and gas markets in Michigan, is neither germane nor persuasive.  It is not germane because it is

addressed to the wrong branch of government.  Though courts must be mindful of the impact of their decisions on the public, matters of energy policy are beyond their ken.  Indeed, the fact that the Michigan Department of Natural Resources and Environment ("DNRE") shares Frontier's view and expressed it in an amicus brief likely has a greater impact on the markets than the decision of a single trial court.  After all, the DNRE is the parties' principal regulator.  Moreover, as Frontier notes in its opposition, Congress -- the legitimate policy-maker in this instance -- balanced the interests of lessors and lessees and, frankly, tipped the scales in favor of lessees by permitting them to continue enjoying lease benefits notwithstanding their debtor-lessors' decisions to reject.  *See* 11 U.S.C. § 365(h)(1)(A)(ii).  A court may consider a policy argument as an aid in understanding the law, but not as a reason for changing it.

The court has considered Aurora's other arguments and, under the standards set forth above, finds them without merit.

At confirmation last December, the parties agreed that this case should proceed with dispatch, and the court has endeavored to resolve issues quickly.  Although the court might have been inclined to entertain argument from the Michigan Oil and Gas Association before rendering its Opinion, the Amicus Motion -- filed one month after the court has already ruled and less than three months before trial -- comes too late.  Because the parties and the DNRE have timely and effectively advocated for their respective positions, permitting the association to participate at this late date adds nothing but additional delay and expense.  Under the circumstances, the court will deny the Amicus Motion, without prejudice to renewal should either party lodge an appeal after entry of final judgment.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Reconsideration Motion (DN 191) is DENIED.

IT IS FURTHER ORDERED that the Amicus Motion (DN 197) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Timothy A. Fusco, Esq., D. Andrew Portinga, Esq., Robert H. Skilton, Esq., Stephen B. Grow, Esq., Charles N. Ash, Jr., Esq., David Whitfield, Esq., Harold J. Martin, Esq., and Kristi A. Katsma, Esq.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: September 14, 2010**